IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                              )<br>            Plaintiff,               )<br>                                                              )<br>    vs.                                              )<br>                                                              )<br> ALVIN SIAS,                                 )<br>                                                              )<br>            Defendant.                    ) | Case No.  8:12CR53<br><br>ORDER |

    This case is before the court on the defendant Alvin Sias' Motion for Sanctions (#49).

    During the May 29, 2012 hearing on the defendant's Motion to Suppress, it became known to the government and apparent to the parties that certain evidentiary items required to be disclosed by the government under Rule 16 of the Federal Rules of Criminal Procedure, had not been produced.  The defendants, through counsel, on the record objected to the government's failure to produce.  The court ordered the suppression hearing be continued and that all required Rule 16 discovery be disclosed.

    On July 12, 2012 the hearing on defendants' motions to suppress was reconvened and the government disclosed that they had produced additional discovery, specifically, a cell phone recording of the search of a truck and a cruiser video recorded by a Nebraska State Patrol trooper which captured a conversation between the trooper and defendant Baillargeon.  At the conclusion of the hearing the court ruled on the motions to suppress and took the defendant's Motion for Sanctions (#49) under advisement.

    The defendant raises the issue of late production of two items of evidence in violation of F.R.Crim.P. 16, both the cruiser video and a cell phone video fall under

Rule 16(a)(1)(A).  At all times prior to disclosure, the evidence was in the possession, custody, or control of the Nebraska State Patrol, and its existence should have been known to the patrol through the exercise of due diligence.

At the March 19, 2012 initial appearance of the defendant, I entered an Order for Progression of a Criminal Case (#13).  The order specifically required the government to comply with Rule 16 obligations, and produce all Rule 16 materials on or before March 26, 2012.  Despite the court's order, neither the cruiser video nor the cell phone video were disclosed before the May 29, 2012 hearing.

The facts of this case establish a failure to comply with obligations under Rule 16. The issue before the court then becomes the appropriate sanctions, if any, the court should assess.  On a number of occasions, the Eighth Circuit Court of Appeals has indicated that the district court must use the least severe sanction which will adequately punish the government to secure future compliance. United States v. Johnson, 228 F.3d 920, 926 (8th Cir. 2000); United States v. Flores-Mirales, 112 F.3d 337, 340-41 (8th Cir. 1997). See, also, Rule 16(d)(2), Fed.R.Crim.P.  It is apparent from the facts in this case that while the government failed to disclose under Rule 16, that it was, in fact, the failure of the Nebraska State Patrol to disclose the existence of the two videos, that then resulted in the government's failure to produce.  Additionally, a review of the videotapes discloses that they were of little evidentiary value to the defendant or to the court in deciding the motions to suppress.

While I am troubled by the actions of the Nebraska State Patrol and their failure to disclose the videotapes, I find the fault for the government's failure to timely disclose lies entirely with the Nebraska State Patrol (this is especially noteworthy as this is not a run-of-

the-mill drug case, but rather a case involving over 100 kilograms of marijuana), and not the actions of the Special United States Attorney in this case.

For all these reasons I find the video recordings should not be excluded and that the failure to timely produce lies entirely with the Nebraska State Patrol.  However, given that the government now has actual knowledge of the obvious shortcomings of the Nebraska State Patrol, the government is on notice that they will be held responsible for future Rule 16 violations even if attributable to the Nebraska State Patrol.

**IT IS ORDERED,** that the defendant's Motion for Sanctions (#49), is denied.

Dated this 2nd day of August 2012.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge